**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CARLOS MONASTERIO and**
**BRIAN BROUILETTE,**

    **Plaintiffs,**

v.                                                                          **No. 15-cv-0683 LAM/SMV**

**GREYHOUND LINES, INC.,**
**DAVE LEACH, BILL BLANKENSHIP,**
**ARNULFO BRAVO, JASON VON JIMENEZ, and**
**JOHN DOES I–IV,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Greyhound Lines, Inc.'s Notice of Removal [Doc. 1], filed on August 5, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Defendant Greyhound Lines, Inc. to file an amended notice of removal to properly allege diversity jurisdiction—including the *citizenship* of each and every party *at the time the Complaint was filed*—no later than September 11, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiffs filed their original Complaint in state court on May 29, 2015. [Doc. 1] at 12−22. They claim that Defendants are liable for injuries they suffered when Defendant Jimenez attacked and stabled them during a Greyhound bus trip in Otero County, New Mexico in 2012. *Id.* Defendant Greyhound Lines, Inc. removed the case to this Court on August 5, 2015, pursuant to 28 U.S.C. § 1332. [Doc. 1] at 3. The Notice of Removal asserts that there is complete diversity of citizenship between Plaintiffs and Defendants and that the amount in controversy exceeds $75,000. *Id*. In support of its claim of diversity of citizenship, Defendant Greyhound asserts that, as a corporation, it is a citizen of both Delaware and Texas. *Id.* Greyhound makes no allegation as to the citizenship of either Defendant Leach or Blankenship. *Id.* Greyhound asserts that Defendant Bravo is a "resident" of Texas and that Defendant Jimenez was a citizen of Tennessee at the time of the attack. *Id.* With respect to Plaintiffs, Defendant Greyhound merely repeats Plaintiffs' assertion that they are "residents" of New Mexico. *Id.* (citing [Doc. 1] at 12).

## LEGAL STANDARDS

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the

requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b).

Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Spring Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Moreover, "it is clear that the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Springs*, 781 F.3d at 1239.

## DISCUSSION

Here, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of any party besides Greyhound itself. First, Greyhound makes no allegation as to the citizenship of either Defendant Leach or Defendant Blankenship. Second, Greyhound alleges that Defendant Bravo's residence is Texas, but it does not allege his state of

citizenship. Third, Greyhound alleges that Defendant Jimenez was a citizen of Tennessee in 2012 (at the time of the attack), but it does not allege his citizenship at the time of the filing of the Compliant in 2015. Finally, Greyhound repeats Plaintiffs' allegation from their Complaint that they "are and were residents of the State of New Mexico at the time of the [attack]." [Doc. 1] at 3 (citing to [Doc. 1] at 12). However, Greyhound makes no allegation as to Plaintiffs' citizenship. Accordingly, the Notice of Removal [Doc. 1] does not make sufficient allegations to support diversity jurisdiction.

The Court will give Defendant Greyhound Lines, Inc., the opportunity to file an amended notice of removal to cure the defects. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Greyhound Lines, Inc. shall amend the Notice of Removal to properly allege diversity jurisdiction (i.e., the *citizenship* of each and every party *at the time the Complaint was filed*), if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **September 11, 2015**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **September 11, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**