# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CARLOS MONASTERIO and
BRIAN BROUILETTE,

    Plaintiffs,

v.   No. 15-cv-0683 LAM/SMV

GREYHOUND LINES, INC.,
DAVE LEACH, BILL BLANKENSHIP,
ARNULFO BRAVO, JASON VON JIMENEZ, and
JOHN DOES I–IV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Greyhound's Advisory to the Court [Doc. 15], filed on March 22, 2016. Defendant Greyhound reports that on February 11, 2016—six months after this case was removed from state court—Defendant Jimenez, who is incarcerated and proceeding pro se, filed a motion for appointment of counsel in state court. *Id.* at 3–4.

Defendant Jimenez's pro se filing is attached to the Advisory. *Id.* He asserts that he is indigent, incarcerated, and untrained in the law. *Id.* at 3. Further, he asserts that he is "incompetent" and that "the court [has not] deemed him psychologically competent to stand trial." *Id.* On these grounds, he requests that the Court appoint an attorney to represent him. *Id.* at 3–4.

However, there is no constitutional right to appointed counsel in civil cases. *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006). In fact, United States District Courts lack the

authority to appoint counsel to represent indigent prisoners in most civil cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  Nevertheless, pursuant to 28 U.S.C. § 1915(e)(1), a federal court may *request* the voluntary assistance of counsel to represent an indigent litigant in certain exceptional circumstances.  For example, in deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

In this case, Plaintiffs are suing Defendant Jimenez for attacking and stabbing them on a Greyhound bus.  [Doc. 1] at 15–16.  According to Plaintiffs' Complaint, Defendant Jimenez has already been convicted of a third-degree felony for the attack.  *Id.*  Defendant Jimenez has not responded to the Complaint other than to move for appointment of counsel.  Without an Answer, it is unclear whether Defendant Jimenez even denies liability, and if he does, whether his defenses would appear meritorious.  The factual and legal issues at this point appear to be quite simple.  Finally, although Defendant Jimenez alleges that he has not been found competent to stand trial, that bald allegation alone is not sufficient to persuade the Court that he cannot adequately present his defenses.  Under these circumstances, requesting the voluntary assistance of an attorney to represent Defendant Jimenez is not warranted at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

(1) The Clerk is **DIRECTED** to add Defendant Jimenez to the docket as a pro se party.

(2) The Clerk is further **DIRECTED** to forward to Defendant Jimenez the Court's Guide for Pro Se Litigants.

(3) Defendant Jimenez is **DIRECTED** to submit all further filings in this case to this Court.

(4) Defendant Jimenez is **DIRECTED** to respond to the Complaint no later than **April 15, 2016**.

(5) Defendant Jimenez's motion for appointment of counsel [Doc. 15] at 3–4 is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**