IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS MONASTERIO and
BRIAN BROUILETTE,

    Plaintiffs,

v.                                                                   No. 15-cv-0683 MV/SMV

GREYHOUND LINES, INC.,
DAVE LEACH, BILL BLANKENSHIP,
ARNULFO BRAVO, JASON VON JIMENEZ, and
JOHN DOES I–IV,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT JIMENEZ'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Defendant Jimenez's letter requesting appointment of counsel from the pro bono panel [Doc. 18], filed on April 28, 2016. However, about one month prior, on March 25, 2016, the Court had already denied a motion for appointment of counsel filed by Defendant Jimenez. [Doc. 16].

At that time, the Court explained that there is no constitutional right to appointed counsel in civil cases. *Johnson v. Johnson,* 466 F.3d 1213, 1217 (10th Cir. 2006). In fact, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in most civil cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(1), a federal court may *request* the voluntary assistance of counsel to represent an indigent litigant in certain exceptional circumstances. For example, in deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

In denying the first motion for appointment of counsel, the Court found that the factual and legal issues appeared to be quite simple. [Doc. 16]. (Plaintiffs are suing Defendant Jimenez for attacking and stabbing them on a Greyhound bus. [Doc. 1] at 15–16. According to Plaintiffs' Complaint, Defendant Jimenez has already been convicted of a third-degree felony for the attack. *Id.*) Although Defendant Jimenez alleged that he had not been found competent to stand trial, that bald allegation alone was not sufficient to persuade the Court that he could not adequately present his defenses. [Doc. 16]. Accordingly, the Court found that requesting the voluntary assistance of an attorney to represent Defendant Jimenez (i.e., referring his case to the pro bono panel) was not warranted at that time. *Id.*

For a second time, Defendant Jimenez requests appointment of pro bono counsel. [Doc. 18]. He has filed his answer and admits both that he attacked Plaintiffs and was convicted of the attack. [Doc. 17] at 1. However, he denies any civil liability because "it was mutual combat." *Id.* He says that he should be appointed an attorney because he is incarcerated and has "no money." [Doc. 18]. He offers no new reason, argument, or evidence why the Court should request the voluntary assistance of an attorney (i.e., refer the case to the pro bono panel). At this time, the Court finds that although Defendant Jimenez's defenses do not appear to be frivolous, the factual and legal issues seem simple, and Defendant Jimenez is adequately representing himself.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Jimenez's letter requesting appointment of counsel from the pro bono panel [Doc. 18] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**