IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS MONASTERIO and
BRIAN BROUILETTE,

    Plaintiffs,

v.                                                                                     No. 15-cv-0683 MV/SMV

GREYHOUND LINES, INC., DAVE LEACH,
BILL BLANKENSHIP,  ARNULFO BRAVO,
JASON VON JIMENEZ, and JOHN DOES I–IV,[1]

    Defendants.

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference, held on November 15, 2016.  The parties' Joint Status Report and Provisional Discovery Plan [Doc. 24] is adopted, except as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a **"complex" (240-day)** track classification.

Plaintiffs shall be allowed until **December 27, 2016**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).  Defendants shall be allowed until **January 10, 2017**, to join additional parties and amend the pleadings (in compliance with the requirements of Fed. R. Civ. P. 15(a)).

---

[1] All claims against Defendants Leach and Blankenship have been dismissed without prejudice for lack of service. [Doc. 22].

The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b).[2]  Plaintiffs shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C)[3] no later than **February 13, 2017**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **March 15, 2017**.  Rebuttal experts disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) shall be disclosed within 30 days after the other party's disclosure.

The Court will not require that any objection to the reliability of an expert's proposed testimony under Fed. R. Evid. 702 be made within 30 days of the later of receipt of the expert's report or the expert's deposition.  *See* [Doc. 24] at 5.  Any such motion will be governed by the pretrial motions deadline, set out *infra*.

The termination date for discovery is **July 13, 2017**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause.  This deadline shall be construed to require that discovery be completed on or before the above date.  Service of interrogatories, requests for production, and requests for

---

[2] *See also Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008).

[3] Summary disclosures are, under certain circumstances, required of treating physicians.  *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett*, 2008 WL 1944011, at *5 ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").

admission shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

The Court will permit 30 interrogatories and 30 requests for production by each party to any other party. The Court will not limit the number of requests for admission at this time. The parties will be allowed 20 depositions by Plaintiffs and 20 depositions by Defendants, each limited to four hours, except depositions of experts and parties, which will be limited to eight hours, unless otherwise extended by agreement of parties.

Motions relating to discovery shall be filed with the Court and served on opposing parties by **August 2, 2017**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **August 14, 2017**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. If the parties want to stipulate to a different deadline for objections to the reliability of an expert's proposed testimony under Fed. R. Evid. 702, they must submit an unopposed motion and proposed order, specifying an exact date for the deadline. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff(s) to Defendant(s) on or before **September 29, 2017**; Defendant(s) to Court on or before **October 13, 2017**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**