# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARLOS MONASTERIO and BRIAN
BROUILETTE,

      Plaintiffs,

v.

GREYHOUND LINES, INC. a/k/a
SOUTHWESTERN GREYHOUND
LINES, INC.; DAVE LEACH,
PRESIDENT AND CEO OF
GREYHOUND LINES, INC.; BILL
BLANKENSHIP, CEO IN CHARGE OF
SECURITY AND SAFETY; ARNULFO
BRAVO, EMPLOYEE OF
SOUTHWESTERN GREYHOUND
LINES, INC.; JASON VON JIMENEZ II;
AND JOHN DOES I-IV

      Defendants.

No. 2:15-cv-00683-PJK-SMV

---

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF MONASTERIO'S MOTION FOR SUMMARY
## JUDGMENT AGAINST DEFENDANT JIMENEZ

---

THIS MATTER is before the court on Plaintiff Carlos Monasterio's Motion for

Summary Judgment against Defendant Jason Von Jimenez II, filed May 17, 2019. ECF

No. 91. Upon consideration thereof, the motion is well taken and should be granted.

Plaintiff was allowed to file this summary judgment motion after the filing deadline on the condition that Defendant Jason Von Jimenez II be given 21 days to respond. ECF No. 90. Plaintiff served the motion on Defendant Jimenez via certified mail at his current Los Lunas address on July 1, 2019. ECF No. 92. To date, Mr. Jimenez has not responded. The failure to file and serve a response constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b). Of course, the court also must be satisfied that the motion and its supporting materials demonstrate that the movant is entitled to summary judgment given the undisputed facts. Fed. R. Civ. P. 56(e)(3); <u>Murray v. City of Tahlequah</u>, 312 F.3d 1196, 1200 (10th Cir. 2002).

## Background

On June 21, 2012, Defendant Jason Von Jimenez II was a passenger on a Greyhound bus traveling from Alamogordo, New Mexico to Roswell, New Mexico on Route Schedule 450. Pl.'s First Set of Request for Admissions, Request for Admission Nos. 1 & 2 (ECF No. 91-2 at 3); <u>see also</u> <u>Monasterio v. Greyhound Lines, Inc.</u>, No. 2:15-cv-00683-PJK-SMV, 2019 WL 318389, at *1 (D.N.M. Jan. 24, 2019). He became involved in an altercation with Mr. Monasterio, a fellow passenger. <u>Monasterio</u>, 2019 WL 318389, at *1. Mr. Jimenez stabbed Mr. Monasterio with a pocket knife, inflicting serious but nonfatal wounds. Pl.'s First Set of Request for Admissions, Request for Admission No. 8 (ECF No. 91-2 at 4); Jimenez Dep. at 97:8–11 (ECF No. 91-3 at 7); <u>see also</u> <u>Monasterio</u>, 2019 WL 318389, at *1–2. Mr. Jimenez was charged with and convicted by a jury of aggravated battery with a deadly weapon with intent to commit a

violent felony, N.M. Stat. Ann. § 30-3-5(C).  Criminal Compl. & Verdict (ECF No. 91-4).

## Discussion

In his answer and an admission, Mr. Jimenez claims he acted in self-defense, see Answer 1 (ECF No. 17); Pl.'s First Set of Request for Admissions, Request for Admission No. 18 ("Self Defense (Deadly force)") (ECF No. 91-2 at 5), a defense he must prove by the greater weight of the evidence.  N.M.R.A., Civ. UJI 13-304.  However, he is collaterally estopped from relying on that defense in this matter.[1]  To collaterally estop a party from raising a claim or defense, a moving party must show (1) the non-moving party was a party to the previous case, (2) the present cause of action is different from that of the previous case, (3) the issue was actually litigated in the previous case, and (4) the issue was necessarily determined in the previous case.  Contreras v. Miller Bonded, Inc., 316 P.3d 202, 206–07 (N.M. 2013).  Once established, the non-moving party must show he was not afforded a full and fair opportunity to litigate the issue in the previous case.  Id.  Mr. Monasterio has met his burden, and nothing suggests a rebuttal.

Mr. Monasterio has undisputed evidence that Mr. Jimenez was a party to the previous criminal proceeding and that this civil proceeding is separate from the previous criminal proceeding.  See Criminal Compl. & Verdict.  Therefore, the critical questions

---

[1]  This civil proceeding follows Mr. Jimenez's criminal proceeding and thus involves a different cause of action.  Accordingly, the doctrine of collateral estoppel (issue preclusion), not res judicata (claim preclusion) applies.  See 18 Moore's Federal Practice – Civil § 132.02 (2019).

are whether Mr. Jimenez's defense was actually litigated in the previous criminal trial, and whether that issue was necessarily determined at trial. A jury's verdict of guilty necessarily determines issues essential to that verdict, and plaintiffs may introduce prior judgments to establish their prima facie civil case. <u>Emich Motors Corp. v. Gen. Motors Corp</u>, 340 U.S. 558, 569 (1951). Although general verdicts, as here, may not lend themselves to a subsequent determination of what issues were essential to that verdict, <u>id.</u>, Mr. Jimenez testified by deposition that he claimed at trial he stabbed Mr. Monasterio in self-defense. Jimenez Dep. 6, 93:6–10.

N.M. Stat. Ann. § 30-3-5 provides: "Aggravated battery consists of the <u>unlawful</u> touching or application of force to the person of another with intent to injure that person or another." § 30-3-5(A) (emphasis added). Under New Mexico law, an application of force is not unlawful if a defendant accused of aggravated battery acted in self-defense. <u>See</u> <u>State v. Rudolfo</u>, 187 P.3d 170, 173–74 (N.M. 2008). A defendant is entitled to a self-defense instruction if sufficient evidence shows (1) the defendant subjectively feared an apparent danger of immediate death or great bodily injury, (2) the application of force resulted from that fear, and (3) the defendant's application of force was objectively reasonable to prevent bodily harm. <u>See</u> <u>id.</u> at 174. The state need not prove the unlawfulness of a defendant's actions — that is, whether the defendant acted in self-defense — unless the defendant introduces evidence that creates reasonable doubt in the minds of jurors. <u>State v. Harrison</u>, 471 P.2d 193, 200 (N.M. Ct. App. 1970). If a defendant introduces such evidence, the state must prove beyond a reasonable doubt that the defendant did not act in self-defense. <u>See</u> <u>Mullaney v. Wilbur</u>, 421 U.S. 684, 702

(1975). At his criminal trial, Mr. Jimenez was responsible for bringing forth all defenses and his conviction confirms the government must have proved beyond a reasonable doubt Mr. Jimenez did not act in self-defense. Mr. Jimenez cannot now attempt to prove by the greater weight of the evidence his actions were justifiably in self-defense.

NOW, THEREFORE, IT IS ORDERED that:

Plaintiff Carlos Monasterio's Motion for Summary Judgment against Defendant Jason Von Jimenez II, filed May 17, 2019 (ECF No. 91) is granted.

DATED this 2nd day of August 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Jeffrey W. McElroy and John Valdez, Davie & Valdez, P.C., El Paso, Texas, for Plaintiff Carlos Monasterio.

Defendant Jason Von Jimenez II, pro se.